We see some familiar faces. While this appeal involves an attorney's fees award, context for why the underlying lawsuit was brought is important. Mr. Oscar's lawsuit was never about a signature. It was about the state's duty to administer the state complaint process. Mr. Oscar filed a complaint and requested an investigation into his daughter's special education program, a right he has guaranteed under both state and federal law. The state's failure to administer the complaint process made his lawsuit necessary. Mr. Oscar and the Disability Law Center didn't understand why his complaint wasn't being accepted and why he was being denied access to the state complaint process. When that misunderstanding was clear to the state, it was incumbent upon the state to make clear why Mr. Oscar wasn't getting access to the state complaint process. Unfortunately, that didn't occur until Mr. Oscar filed his district court complaint and the state moved to dismiss. to inquire short of going to district court and filing a complaint. You said at the outset, because they didn't process the complaint, we had to file a lawsuit. That's a fairly major step in most circumstances, say you jump into federal court. So what did he do and what was he told? I thought he was in contact with them. He got noticed, right, of what he had to do. Mr. Oscar followed up in a couple of ways. First, while he did speak with the Department of Education, with Mr. Arnold, it was unclear to him what was still wrong with the letter he filed, why it wasn't being accepted as a state complaint. And the state didn't just come out and say what it was. Well, wait a minute, wouldn't he have been told in so many words that you have to file a signed complaint? In so many words. And he thought he had signed it. He had supplied his name, he had supplied all the pertinent information. No, I'm not supplying information. They received it. Well, we need a signed complaint is what he was told, right, after that. He was told that it, one, had to be signed, and two, when the state law center followed up, that also... That's right, that's what I said. He was told they needed a signed complaint and he ignored that admonition, right? I disagree, Your Honor. What did he do after that, to comply with that direction? He got in contact with the disability law center and we followed up, because we didn't understand why his complaint wasn't being accepted. And what we were told was that, one, it didn't state the issue, and two, it must be signed. And then I wrote the Department of Education on behalf of Mr. Oscar, laying out exactly why we thought his letter met all the requirements of the state complaint. We weren't understanding why his typewritten name, particularly now in light of why the state says a signature is important, one, to separate the wheat from the chaff, so to speak, to know it was a complaint. There should have been no doubt in the state's mind after we wrote that it was a state complaint. And two, that they want to make sure they're embarking on this confidential process and making sure that it's the parent or someone who has an interest in filing this type of letter. Of course, this is an interesting discussion, but it's all beside the point, right? It's all beside the point, because the question is, you know, who's the prevailing party, right? That's one of the questions on appeal, yes, Your Honor. And while this court has applied... So all this stuff really doesn't matter, does it? Well, if this court finds that the state was not the prevailing party, which is our position, because the action... Well, that's what I say. We haven't even gotten to that question yet. I'm happy to shift focus, Your Honor, to the prevailing party. The district court ruled or dismissed Mr. Oscar's action without prejudice. That does not make the state the prevailing party. That's our position. But canon, which has been applied by this court and the other IDA, Individuals with Disabilities Education Act, attorneys to these cases, has applied both canon to prevailing parents. We believe it should also apply under the prevailing defendant portion of the statute. All right. How does the Buck-Hannon case apply here? Well, Buck-Hannon required that there be a judgment on the merits or a consent decree or something similar, so some change in the legal relationship of the parties. That did not occur here. The district court granted a motion to dismiss, filed on behalf of the state, that, one, raised an issue that Mr. Oscar never raised in his complaint without a signature, and, two, dismissed it without prejudice. What's also important here in the context of this action is the district court had three motions to dismiss pending before it, one asking for dismissal without prejudice, one filed by Mr. Oscar because he finally received the information he needed to access the complaint system, so a dismissal of the action has moved, and then another one filed by the state asking for dismissal with prejudice. The district court chose to dismiss the action without prejudice. Mr. Oscar couldn't have refiled his lawsuit. All right. Do you have any Ninth Circuit case that says dismissal without prejudice is not a decision on the merits? We have cited in our briefs, and unfortunately I don't have that citation right here, but I will get it for you, where that dismissal without prejudice does not have a raised judicata effect, so basically those folks can come back and refile that action. All right. We conceded it has no raised judicata effect. Do you have any case that says dismissal without prejudice is a decision on the merits? Dismissal without prejudice is a decision on the merits? No. Is or is not? Well, traditionally the courts have looked at a dismissal without prejudice as not a decision on the merits. I don't have a Ninth Circuit case at hand. We did cite Perry v. Rado, which is a slip opinion from a district court in the Ninth Circuit saying that a dismissal without prejudice doesn't affect the legal position of the parties. It doesn't have that raised judicata effect. You keep talking about raised judicata effect. I will concede it doesn't have raised judicata effect, I'm asking. And I did not find anything applying the canon under a dismissal without prejudice in that context, in the specific book canon that provides that it is not a judgment on the merits. All right. I see your co-counsel has handed you the case you were looking for. He gave me the Perry v. Rado site that I had mentioned, and it says a dismissal for failure to state a claim under Rule 26 bars further litigation unless the dismissal is granted without prejudice to refiling. And that's what we received here. We received a dismissal without prejudice to further filing. All right. Thank you. But regardless of what this court decides, who are the prevailing parties, if the state was a prevailing party, the important context here is that the Disability Law Center was not frivolous under the Christiansburg standard. The facts don't support the district court's award of attorney's fees under the frivolousness standard against the Disability Law Center. The Disability Law Center thoroughly investigated the claim before filing and had a reasonable basis for bringing the claim. What's important to note is in Christiansburg, the Supreme Court warned against post hoc reasoning that just because the plaintiffs did not prevail that the case was unreasonable or without foundation. It's important to note here Mr. Oscar had no other way to get the information he was seeking. He cannot file an administrative complaint because his administrative complaint hadn't been accepted and due process hearing wouldn't have been appropriate. That leaves the courts and through that process Mr. Oscar got what he'd been seeking all along, an investigation into his daughter's special education program and access to that complaint process which he had a right to access. I'm going to reserve the remaining time for rebuttal. Thank you. Okay. May it please the court. I'm Stephen Slotnick representing the Alaska Department of Education and Early Development. We asked this court to uphold Judge Bison's decision awarding fees to the state as a prevailing party against the Disability Law Center. And the one important thing on this record, and I want to emphasize here, is that the state of Alaska did process the communication that it received from Mr. Oscar. What the state cannot do is presume that such a communication is a complaint. In fact, our regulations require under 4 AAC 52500C4, the department will work with the complainant and with the district or agency to resolve the issues in a non-adversarial manner. What do you mean by you can't presume it's a complaint? On the face of it, doesn't it look like a complaint? It does make a complaint, at least lay terms. What do you mean by you can't presume it's a complaint? On every piece of paper that comes across the bureaucrat's desk, he asks himself, shall I presume this is a complaint? Well, I disagree with what I was trying to say. We can't presume that the parent wants to invoke the adversarial process of the investigation, the ex parte investigation that's provided for. We certainly make that available. We do these investigations, we do complaint investigations all the time. Our regulations, however, require us to see if there's a way to work it out in a non-adversarial manner. There's also a requirement that we make available the opportunity of mediation, and that is what Mr. Arnold did. He called Mr. Oscar. The next day, he called Mr. Oscar with a member of his staff, and he said, I've received your communication. You've got three options. We can begin this investigation if that's what you want, or you can work it out with the district, with your school district, or you can do mediation. He followed that up with an email saying, if you want to do the complaint, here's the address. It has to be written. It has to be signed. It has to state the issues that we need to investigate. Here's how you do mediation, a toll-free number. What response did he get to that phone call? And that's the most important aspect of what's in this record. He got a response from Mr. Oscar that said, thank you for your help. I will contact if further assistance is needed. At that point, what Mr. Arnold properly did was to wait for further indication from the parent. And then Mr. Oscar went to the legal center. Correct. Or the legal center went to Mr. Oscar. We don't know because his first communication went to both the state and to the legal center, and to the disability law center. Let's move on to the prevailing party status. Here's my concern. The court, including in Buchanan, has been fairly strict in finding prevailing party status when it's the plaintiffs who are seeking to recover fees against the defendant. And I'm a little concerned here that what we have is the flip side being applied liberally. This was a dismissal without prejudice. And so the question I have is, how has the legal relationship changed? How does this come within the Buchanan principles that says a dismissal without prejudice in the Ninth Circuit should be enough in and of itself for prevailing party status? Because a lot of things do get dismissed without prejudice, and there really isn't a determination on the merits. And as a result, are we creating some kind of precedent here for the proposition that a dismissal without prejudice now is going to carry with it the sanction of attorney fees? And, Your Honor, let me answer that question by pointing out what Judge Weislau actually did. What he did is he did make a decision on the merits in this case. He declared the law. He declared the law in the state's favor. He issued an order saying that the state hadn't violated its duty, and that the complaint failed to state a claim for re-retirement. But without prejudice, so the parties could refile. Well, I think that on this record, where he issued that order, where he denied their motion for voluntary dismissal and instead granted the state's motion for involuntary dismissal, on this record, I believe they would have a very difficult time refiling precisely the same case that they just dismissed. Well, why didn't he say with prejudice then? Well, I think that Judge Weislau had probably a better way to have worded it would have been to say, without prejudice, to the parents' right to seek further proceedings, which was precisely what the state wanted. We absolutely want to guarantee that the child here has the right to the complaint investigation, to any administrative process regarding the underlying facts, to which he has a right. And I think Judge Weislau was trying very hard to protect those rights, as he should have. Well, that's wonderful, but I'd like to get back to Judge Fisher's question. You know, to award attorney's fees under this ruling seems to really be a very punitive thing, since, as I see it, they were acting in good faith, and if he really felt that they had really improperly acted, he should have said with prejudice. And I understand the underlying reasons. He just wants them to go ahead and get further help. I guess I'm focusing on the attorney's fees here, and the appropriateness of extensive attorney's fees in this case. Well, Your Honor, what Congress has said here in authorizing attorney's fees for prevailing defendants, they didn't put in a good faith standard. What they put in was, is there any basis in law or fact? And given, you know, what they filed the suit over is, did the state fail to administer the complaint? No. Clearly, when Mr. Arnold received this complaint, the facts, if they researched the facts, they're looking at the facts, Mr. Arnold did absolutely what the state did. Well, I think you're addressing the second factor now, which says, right, for a defendant to get fees that are absolutely frivolous. Correct. And he doesn't even make that fine. I'll tell you, we're still talking about prevailing party, and both Judge Fisher and Judge Nelson have stated under Buckhannon, prevailing party requires some judicially sanctioned order that results in a change in the relationship between the parties. Right? Correct. Now, what changes there in the relationship between the parties? What happened here is there was an order. Judge Feistlein issued an order. He made a finding that there was, that the claim didn't state a claim for relief, that a complaint has to be signed, and that there was no violation of law by the state. So there was an order that did change the legal relationship of the parties. No, that doesn't change the legal relationship. It just says, you know, this complaint is no good. It doesn't mean they can't amend it if they wanted to. And then the ultimate judgment is, you know, without prejudice. Right? That's a problem. I think that's a problem, you know, all three of us are wrestling with. Oh, yes. And I think that on this record, we can look at what Judge Feistlein did. These same arguments were presented to Judge Feistlein, that without prejudice must mean that the involuntary, must somehow convert this to a voluntary dismissal such that it can be refiled. It doesn't matter whether it's voluntary or involuntary. The question is whether it's with or without prejudice, because, you know, the usual understanding, right, in practice, is that it's without prejudice you can refile. Yes. That's a normal understanding, isn't it? Yes, that would be the normal understanding. And on this record, though, I don't think that there was any confusion. I don't think that these plaintiffs could have come back and filed once again a charge of failure to administer that unsigned complaint. Now, Judge Feistlein could have made that clearer in his order, and certainly this court can remand to Judge Feistlein to ask, when you said without prejudice, did you mean without prejudice to further administrative proceedings, or did you mean without prejudice as to refiling of this complaint? And that's certainly something that could be done. I think it's very clear on the face of this record precisely what Judge Feistlein meant. It was these same arguments that you just stated, Judge Schumer, were made to Judge Feistlein, and he rejected them. Speaking of that rejection, you had less than a minute left, so let's just ask you this very quickly. Why do you think that, you know, the plaintiff's actions were frivolous? Now would they have to meet frivolity in order for you to recover? That's correct. And there I go to the question, was there a basis in fact? Was there a basis in law? In fact, what Mr. Arnold did is he did administer that complaint. In fact, that complaint, that communication from the parent was not signed. The law is very clear. A complaint, to be a complaint, to start the investigative process, the communication must be signed. Oh, you know, wait a minute. There are cases I'd say now like a typewritten name could be a signature. In fact, most courts now have rules that, you know, an e-mail can be signed by order, right, without a handwritten signature. So it's possible for that to be a signature, isn't it? No, I would disagree with that given that there are cases. Are you familiar with the e-mail filing rules? Do they have those in this district? Yes, and in those cases there's very clear procedural rules that lay out the ability for e-mail filing, and there's no such rule here. The most important thing, the most important thing. Well, that goes to, you know, whether it's true or not. Yeah. You know, a person could understand an e-mail signature to be a signature, right? I don't believe that a trained lawyer that is a specialist in special education law could understand that. No, I don't think so. Nor could, I think, a lawyer allege that the state had failed to administer this complaint here because certainly the state did that. Certainly the state responded immediately to this parent. And so that's what makes it frivolous. There's no basis, in fact, for this being a lawsuit in federal district court. Thank you. Okay. There are a few points I'd like to raise here on the rebuttal. First, the state argues that they weren't sure how they were going to go about processing this communication. They weren't sure if Mr. Oscar wanted an investigation. Mr. Oscar's letter explicitly asked for an investigation, and once the Disability Law Center got involved there was no question. If the court looks at the Bickford decision that came out of the Alaska State Supreme Court, one of the hallmarks that the assistant attorney general told the parent in that case of filing a complaint was they asked the state to investigate the matter. That's precisely what Mr. Oscar did here. There should have been no question in the state's mind. As for the issue about the signature in the Becker case, the Becker case actually was a pro se individual trying to file a notice of appeal supplied a typewritten name. The Supreme Court in that case found that even though under the appellate rules it's a jurisdictional prerequisite, it wasn't fatal that all the court needed to do was tell that individual, that pro se person, because they knew the who, what, when, where, why, as the state did in this case, to go back and sign it. It didn't bar the appeal. It didn't make it untimely. As in this case, it shouldn't have stopped the state from starting the investigation, from giving Mr. Oscar access to that system. Why didn't they just send in a signed statement? Mr. Oscar wasn't clear on what was required of him. It became a moving target. First, Mr. Arnold told him he needed to file a complaint. He thought he had already done that, and then when the Disability Law Center got involved, Mr. Arnold was telling him that very letter didn't state the issue. And then when we laid it out, when I wrote the department, and I laid out specifically where we were coming from, how we saw it was a state complaint, the department responded, we're not going to talk to you about this, even though we supplied a release of information and we're writing on Mr. Oscar's behalf. It appears in this case that the state was hiding behind a procedural technicality to deny Mr. Oscar access to the state complaint system, which he, as a parent of a student with a special education student, has a right to file. All right. Thank you. Counsel, thank you for your arguments. Case is submitted. Next case on calendar is Townsend v. University of Alaska. Thank you.
judges: Nelson, Tashima, Fisher